OPINION
{¶ 1} Appellant, Angel M. Morales, appeals the April 23, 2001 judgment entry of the Lake County Court of Common Pleas.
 {¶ 2} Appellant was indicted on two counts on November 9, 2000. Count One of the indictment was for robbery, a violation of R.C.2911.02(A)(2) and a felony of the second degree. Count Two of the indictment was for theft from an elderly person, a violation of R.C.2913.02(A)(4) and a felony of the fifth degree.
 {¶ 3} The record in this case indicates that on June 28, 2000, in the city of Willoughby Hills, appellant, while a passenger in a moving vehicle, leaned out the window of the vehicle and pulled a purse off the shoulder of an eighty-one-year-old victim, who was pushing a grocery cart. The victim was pulled to the ground and dragged a short distance.[1]
Appellant committed a similar offense the next day in Strongsville.
 {¶ 4} Appellant entered a plea of guilty to Count One of the indictment on March 13, 2001. Upon application of the prosecutor, the trial court entered a nolle prosequi on Count Two in a March 15, 2001 judgment entry.
 {¶ 5} A sentencing hearing was held on April 13, 2001. In its April 23, 2001 judgment entry, the trial court sentenced appellant to seven years on Count One, with the sentence to be served consecutively to the sentence in the Cuyahoga County case stemming from the incident in Strongsville.
 {¶ 6} Appellant filed a timely appeal in which he makes the following two assignments of error:
 {¶ 7} "[1.] The trial court erred when it sentenced appellant to a consecutive prison term.
 {¶ 8} "[2.] The trial court erred when it sentenced appellant to a prison term greater than the minimum term available for a second-degree felony conviction."
 {¶ 9} In his first assignment of error, appellant argues that the trial court erred in imposing a consecutive sentence because it failed to make the requisite findings. R.C. 2929.14(E)(4) provides:
 {¶ 10} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are notdisproportionate to the seriousness of the offender's conduct and to thedanger the offender poses to the public, and if the court also finds any of the following:
 {¶ 11} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 12} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 13} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." (Emphasis added.)
 {¶ 14} Not only must the trial court make the findings required by R.C. 2929.14, it must also gives its reasons for imposing consecutive sentences. R.C. 2929.19(B)(2)(c); State v. Norwood (June 8, 2001), 11th Dist. No. 2000-L-072, 2001 WL 635951, at 4.
 {¶ 15} Here, the trial court did not make the complete findings mandated by R.C. 2929.14(E)(4). It did not address the portion of the statute that requires a finding that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The trial court also failed to address 2929.14(E)(4)(a), (b), and (c).
 {¶ 16} The only finding made by the trial court with respect to the imposition of a consecutive sentence was that "consecutive sentences are necessary to protect the public from future crime or to punish [appellant]." Because the trial court did not make the requisite findings prior to imposing a consecutive sentence, appellant's first assignment of error is well-taken.
 {¶ 17} However, with respect to R.C. 2929.19(B)(2), which requires that the court state it reasons for imposing consecutive sentences, the trial court observed that "[i]n reaching this decision I've considered the following factors *** [p]urse snatching from a moving vehicle with co-defendant, that the victim was an eighty-one-year-old lady, had trouble walking, victim suffered serious psychological harm, she lost her driver's license, birth certificate, $50.00, suffered $373.00 in medical expenses. [Appellant] caused physical harm to the person of the victim. The victim suffered injuries to her hand, wrist, feet; she was conveyed to the hospital." We agree with the state's assertion that these findings are sufficient to comply with the requirements of R.C. 2929.19(B)(2)(c).
 {¶ 18} Appellant contends, in his second assignment of error, that the trial court erred in sentencing him to a prison term greater than the minimum for a felony conviction of the second degree.
 {¶ 19} R.C. 2929.14(B) requires a court to impose the shortest prison term authorized for an offender who has not previously served a prison term, unless the court finds on the record that the minimum sentence will demean the seriousness of the offender's conduct, or not adequately protect the public from future crime.
 {¶ 20} In the matter sub judice, the trial court made a finding that "the shortest term will demean the seriousness of [appellant's] conduct and the shortest term does not adequately protect the public from future crime by [appellant] or others." This finding comports with the requirements of R.C. 2929.14(B). The trial court is not required to provide the reasoning underlying this finding. State v. Bradford (June 2, 2001), 11th Dist. No. 2000-L-103, 2001 WL 589271, at 3. "Rather, when sentencing a [defendant] to first-time imprisonment, the trial court merely has to state somewhere on the record that one or both of the reasons set forth in R.C. 2929.14(B) justifies a sentence which is longer than the minimum." Id. Because the trial court made the requisite finding for imposing a sentence greater than the shortest possible term, appellant's second assignment of error is without merit.
 {¶ 21} For the foregoing reasons, the judgment entry of the Lake County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this opinion.
WILLIAM M. O'NEILL, P.J., concurs.
[1] While the record is incomplete on this issue, it appears that the victim suffered only minor physical injuries as a result of the incident. In the words of the prosecutor, the victim received "[s]crapes and bruises." The trial court noted that her medical expenses from the incident totaled $373.